UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

ADRIAN BROWN                                    NUMBER 07-142-JVP-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 10, 2010.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

ADRIAN BROWN                                        NUMBER 07-142-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed on behalf of Adrian Brown pursuant to 28 U.S.C. § 2255.

**Procedural History**

Petitioner was charged in a two-count indictment with violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm and a felon in possession of ammunition[1], in the United States District Court for the Eastern District of Louisiana.[2] Petitioner pled guilty and on November 3, 2004, the district court sentenced him to 21 months imprisonment and three years of supervised release.

On March 30, 2006, the petitioner's supervised release was revoked by the Eastern District court and he was sentenced to 18

---

[1] The indictment indicates that on January 14, 2004, while in the Eastern District of Louisiana, the petitioner did knowingly possess a firearm. Record document number 24-1, pp. 1-2.

[2] *United States of America v. Adrian Jermaine Brown*, CR 04-153-JCZ.

1

months in the custody of the Bureau of Prisons and an 18 month term of supervised release.

On July 5, 2007, the petitioner's supervision was transferred to the United States District Court for the Middle District. On April 24, 2009, the petitioner's supervised release was revoked by this court and he was sentenced to 24 months imprisonment in the custody of the Bureau of Prisons. The 24 month sentence was to be served after the petitioner's term of imprisonment imposed pursuant to the judgment in criminal docket number 02-08-0527 in the Nineteenth Judicial District Court, Baton Rouge, Louisiana.

Petitioner raised a single ground for relief in his § 2255 motion: he received an illegal sentence upon the second revocation.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

### Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Upon revoking a defendant's supervised release, the district

court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for revocation.  Prior to the PROTECT Act amendment to § 3583(e)(3), the maximum sentence that could be imposed for the revocation of supervised release following a conviction was a cumulative maximum sentence that could be imposed for all revocations of supervised release.  *United States v. Jackson*, 329 F.3d 406, 407-08 (5th Cir. 2003).  The PROTECT Act, which went into effect on April 30, 2003, modified § 3583(e)(3) to provide that the statutory maximum sentence that could be imposed upon the revocation of supervised release applies upon "any such revocation."[3]  Courts have interpreted this language to mean that the statutory maximum sentence is no longer cumulative.  *See United States v. Vera*, 542 F.3d 457, 461 n.2 (5th Cir. 2008); *United States v. Lewis*, 519 F.3d 822, 824-25 (8th Cir. 2008); *cert. denied*, ___ U.S. ___, 129 S.Ct. 166 (2008).

Petitioner's original offense, possession of a firearm and ammunition by a convicted felon, occurred on or about January 14, 2004.[4]  The statutory maximum sentence for that offense was 10 years of imprisonment thereby making the offense a Class C felony.  *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3).  Because the post-revocation penalties relate to an original offense which occurred

---

[3] The PROTECT Act amendment to § 3583(e)(3) does not apply retroactively.  *United States v. Thomas*, 600 F.3d 387, 389 (5th Cir. 2010).

[4] Record document number 24-1, pp.1-2.

following the PROTECT Act revision of § 3583(e)(3), the statutory maximum sentence of imprisonment that the Middle District court could impose upon "any ... revocation" of the petitioner's supervised release was 24 months of imprisonment. Consequently, the 24-month revocation sentence was within the statutory maximum.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, August 10, 2010.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE